UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ASHLEY KNABL, individually and on behalf of others similarly situated,

        Plaintiff,

vs.

PETCO ANIMAL SUPPLIES, INC. and
PETCO ANIMAL SUPPLIES STORES, INC.,

        Defendants.

------------------------------------------------------------X

Civil Case No.:

## COLLECTIVE AND CLASS ACTION COMPLAINT

COMES NOW Plaintiff Ashley Knabl, individually and on behalf of all others similarly situated, by and through her attorneys Brown, LLC, and for her cause of action against Defendants Petco Animal Supplies, Inc. and Petco Animal Supplies Stores, Inc., states and avers as follows:

## INTRODUCTION

1.    This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Ashley Knabl, individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law, §§ 650 *et seq.* and 190 *et seq.* and 12 NYCRR § 142-1.1 *et seq.* (collectively the "NYLL").

2.    Defendants conduct business as "Petco," an American privately held pet retailer with stores throughout the United States. It maintains its corporate headquarters in San Diego, California, and owns and operates over 1,000 stores in the states of New York, Florida, Illinois, Idaho, Montana and other states. Petco sells pet products and services (grooming, adoption,

training), as well as certain types of live animals.

3. Plaintiff and other hourly-paid, non-exempt store employees of Defendants regularly worked over 40 hours per week but did not receive compensation for all hours worked due to Defendants' common unlawful policies of deterring workers from recording time worked in excess of their scheduled hours, and altering workers' time records to reduce the number of hours for which they are paid.

4. Plaintiff bring her FLSA claims (Count I) on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated hourly-paid store employees employed by either Defendant at any time within the three years preceding the commencement of this action through the date of judgment (the "FLSA Collective"), and seeks declaratory relief and unpaid overtime pay, liquidated damages, fees and costs, and any other remedies to which she may be entitled.

5. Plaintiff bring her NYLL claims (Counts II and III), pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other similarly situated hourly-paid store employees employed by either Defendant in New York at any time within the six (6) years preceding the commencement of this action through the date of judgment (the "Rule 23 Class"), and seeks declaratory relief and unpaid straight-time wages and overtime, liquidated damages, fees and costs, and any other remedies to which she may be entitled.

## THE PARTIES

6. Plaintiff is an adult who resides in Ulster County, State of New York.

7. Plaintiff was employed by Defendants as an hourly-paid store employee from approximately December 2017 to May 2021.

8. Throughout her employment with Defendants, Plaintiff was paid by Petco Animal Supplies, Inc.

9. From approximately December 2017 to April 2021, Plaintiff worked in Defendants' store in Middletown, Orange County, State of New York.

10. From approximately April 2021 to May 2021, Plaintiff worked in Defendants' store in Poughkeepsie, Dutchess County, State of New York.

11. From approximately December 2017 to June 2018, Plaintiff worked as a Cashier, an hourly-paid, non-exempt position.

12. From approximately June 2018 to January 2020, Plaintiff worked as a Guest Advisor, an hourly-paid, non-exempt position.

13. From approximately January 2020 to May 2021, Plaintiff worked as a Companion Animal Leader, an hourly-paid, non-exempt position.

14. Plaintiff typically worked 5-6 shifts per week.

15. Plaintiff typically worked up to twelve (12) hours and forty-five (45) minutes each shift.

16. Plaintiff regularly worked over forty (40) hours per week.

17. Defendants are Delaware corporations with a principal place of business located at 10850 Via Frontera, San Diego, California 92127.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

19. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

20. The Court has personal jurisdiction over Defendants because they maintain systematic and continuous contacts with the State of New York by operating stores in New York, and because Plaintiff's claims arise out of Defendants' contacts with New York.

21. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

22. Defendants have and continue to employ hourly-paid store employees.

23. Hourly-paid store employees are responsible for assisting with the operation of Defendants' retail stores.

24. Hourly-paid store employees' job titles include Companion Animal Leader, Cashier, Guest Advisor, and Aquatic Specialist.

25. Hourly-paid store employees are non-exempt employees under the FLSA.

26. Hourly-paid store employees are non-exempt employees under the NYLL.

27. Hourly-paid store employees are paid an hourly rate of pay.

28. Defendants base their pay in part on the recorded times in the electronic timekeeping system.

29. Hourly-paid store employees are scheduled to work at least 5 shifts in most weeks, with most, if not all, of each shift lasting at least 8 hours.

30. Hourly-paid store employees regularly work more hours in a day and/or week than the hours for which they are scheduled.

31. Hourly-paid store employees regularly work in excess of 8 hours in a day and/or 40 hours in a week.

32. Defendants maintain a *de facto* policy of deterring hourly-paid store employees from recording time worked in excess of their scheduled hours in the timekeeping system.

33. Defendants shave hourly-paid store employees' time records to reduce the number of hours for which they are paid.

34. Hourly-paid store employees regularly perform uncompensated work in excess of their scheduled hours.

35. Many, if not all, of the uncompensated hours worked by hourly-paid store employees have been in excess of forty (40) hours in a workweek.

36. Defendants' violations of the FLSA, as alleged herein, were knowing and willful.

37. Defendants knew and/or recklessly disregarded that their hourly-paid store employees were working uncompensated hours in addition to those for which they were scheduled and/or reported in the timekeeping system.

38. Defendants have faced multiple lawsuits in the past regarding their failure to pay employees in accordance with the FLSA and continued to maintain *de facto* policies that result in hourly-paid store employees not receiving pay for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

40. Plaintiff brings this claim for relief for violation of the FLSA, both individually and as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The proposed FLSA Collective is defined as follows:

> *All hourly-paid store employees employed by either Defendant at any time within the three years preceding the commencement of this action through the date of judgment.*

41. Plaintiff has filed her consent in writing pursuant to section 216(b). *See* **Exhibit 1.**

42. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

43. The employment relationships between Defendants and every FLSA Collective member are the same and differ only by name and rate of pay. The key issues do not vary substantially among the FLSA Collective members.

## RULE 23 CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All hourly-paid store employees employed by either Defendant in New York at any time within the six years preceding the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

45. Excluded from the proposed Rule 23 Class are Defendants' executives, administrative, and professional employees, including computer professionals and outside sales persons.

46. The members of the Rule 23 Class are so numerous that joinder of all Rule Class members in this case would be impractical. Plaintiff reasonably estimates that there are at least 200 Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

6

47. There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

    a. Whether Rule 23 Class members worked more than forty (40) hours per week;

    b. Whether Defendants' policies deterred Rule 23 Class members from recording time worked in excess of their scheduled hours;

    c. Whether Defendants knew that Rule 23 Class members were not reporting hours worked over forty (40) in a workweek on their time sheets; and

    d. Whether Defendants' conduct was willful and/or not in good faith.

48. Plaintiff's claims are typical of those of the Rule 23 Class in that she and all other Rule 23 Class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiff's NYLL claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Class members.

49. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits.

51. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

52. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

53. Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
**(Brought on an Individual and Collective Basis)**
**<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT,</u>**
**<u>29 U.S.C. § 201,</u>** *et seq.* **<u>-- FAILURE TO PAY OVERTIME</u>**

54. Plaintiff re-alleges and incorporates all previous paragraphs herein.

55. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

56. At all times relevant to this action, Defendants were employers under 29 U.S.C. §

203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

57. Defendants are an enterprise whose annual gross volume of sales made or business done exceeding $500,000.

58. Defendants are an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

59. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and other FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

60. Plaintiff and other FLSA Collective members worked many workweeks in excess of 40 hours within the last three years.

61. Defendants caused Plaintiff and other members of the FLSA Collective to not report all of the hours they worked in excess of forty (40) in a workweek.

62. At all times relevant to this action, Defendants failed to pay Plaintiff and other FLSA Collective members for all hours worked in excess of 40 in a workweek.

63. Defendants' management knew or should have known that the Plaintiff and other members of the FLSA Collective were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

64. Defendants' violations of the FLSA were knowing and willful. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

65. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the

Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
### (Brought on an Individual and Class Basis)
### VIOLATIONS OF N.Y. COMP. CODES R. & REGS. TIT. 12, § 142-2.2
### FAILURE TO PAY OVERTIME WAGES

66. Plaintiff re-alleges and incorporates all previous paragraphs herein.

67. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 provides, in relevant part:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended….

68. At all times relevant to this action, Defendants were an employer under N.Y. Lab. Law § 651, subject to the provisions of the NYLL.

69. At all times relevant to this action, Plaintiff and other Rule 23 Class members were "employees" of Defendants within the meaning of N.Y. Lab. Law § 651.

70. Plaintiff and other Rule 23 Class members worked many workweeks in excess of 40 hours within the last six (6) years.

71. Defendants caused Plaintiff and other members of the Rule 23 Class to not report all of the hours they worked in excess of forty (40) in a workweek.

72. At all times relevant to this action, Defendants failed to pay Plaintiff and other Rule 23 Class members for all hours worked in excess of 40 in a workweek.

73. Defendants' management knew or should have known that the Plaintiff and other members of the Rule 23 Class were working hours in excess of 40 hours per week, without

overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

74. N.Y. Lab. Law § 663 provides that as a remedy for a violation of the NYLL, an employee is entitled to her unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT III**
**(Brought on an Individual and Class Basis)**
**VIOLATION OF N.Y. LAB. LAW § 191**
**FAILURE TO PAY STRAIGHT-TIME WAGES**

75. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

76. N.Y. Lab. Law § 191 provides, in relevant part:

1. Every employer shall pay wages in accordance with the following provisions:

a. Manual worker.—

(i) A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned;

\*\*\*

d. Clerical and other worker.—A clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.

77. Plaintiff and the Rule 23 Class members qualify as "manual worker[s]," or alternatively, as "clerical and other worker[s]" for purposes of N.Y. Lab. Law § 191.

78. Defendants' agreed terms of employment with Plaintiff and all other Rule 23 class members required payment of wages for all hours worked in accordance with N.Y. Lab. Law § 191.

79. Defendants failed to pay Plaintiff and other Rule 23 class members wages for all

hours worked, as alleged herein.

80. Due to Defendants' violations of N.Y. Lab. Law § 191, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Ashley Knabl, individually and on behalf of all others similarly situated, by and through her attorneys, requests an entry of an Order the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's NYLL claims (Counts II and III);

c. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as the representative of the FLSA Collective and the Rule 23 Class and undersigned counsel as Class counsel for the same;

e. Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f. Declaring Defendants violated the NYLL and that said violations were intentional, willfully oppressive, fraudulent and malicious;

g. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective and Rule 23 Class the full amount of damages and liquidated damages available by law;

h. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

  i.  Awarding pre- and post-judgment interest to Plaintiff on these damages; and

  j.  Awarding such other and further relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ashley Knabl, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: November 22, 2021

                 RESPECTFULLY SUBMITTED,

                 By: /s Jason T. Brown
                     Jason T. Brown (NY Bar # 4389854)
                     Nicholas Conlon (NY Bar # 5257092)
                     Zijian "Coco" Guan (NY Bar # 4907010)
                     BROWN, LLC
                     111 Town Square Place, Suite 400
                     Jersey City, NJ 07310
                     Phone: (877) 561-0000
                     Fax: (855) 582-5297
                     jtb@jtblawgroup.com
                     nicholasconlon@jtblawgroup.com
                     cocozguan@jtblawgroup.com

                     *Lead Counsel for Plaintiff*